# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Krupalini Ramachandra,<br><br>    Plaintiff,<br>vs.<br><br>The Prudential Insurance Company<br>of America,<br><br>    Defendant. | Case No. 0:21-cv-1876<br><br><br>**COMPLAINT** |

---

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Prudential Insurance Company of America may be found in this district. In particular, The Prudential Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant The Prudential Insurance Company of America insures employee benefit plan ("Plan") that Dana-Farber Cancer Institute created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant The Prudential Insurance Company of America is a corporation organized and existing under the laws of the State of New Jersey, and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of Dana-Farber Cancer Institute and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number G-50163-MA which was issued by The Prudential Insurance Company of America to Dana-Farber Cancer Institute to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.   On information and belief, The Prudential Insurance Company of America both funds the Plan and decides whether participants will receive benefits under

the Plan. Accordingly, The Prudential Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  The Prudential Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Plaintiff became disabled under the terms of the Plan's policy on or about December 31, 2016 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.     Plaintiff submitted a timely claim to The Prudential Insurance Company of America for disability benefits.

14.     The Prudential Insurance Company of America granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until March 30, 2020.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

However, on April 15, 2020 The Prudential Insurance Company of America cancelled Plaintiff's disability benefits. Plaintiff appealed The Prudential Insurance Company of America's decision, but The Prudential Insurance Company of America denied Plaintiff's appeal on December 24, 2020. Plaintiff filed a further appeal, which The Prudential Insurance Company of America denied on August 5, 2021.

15.     Plaintiff provided The Prudential Insurance Company of America with substantial medical evidence demonstrating she was eligible for disability benefits.

16.     The medical evidence Plaintiff provided included a functional capacity evaluation (FCE).

17.     The FCE concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

18.     The FCE concluded Plaintiff's "[p]erformance of these activities [light or sedentary work] will exacerbate [Plaintiff's] symptoms and cause further functional impairment."

19.     The FCE found Plaintiff was barely able to complete the 90-minute Functional Capacity Evaluation.

20.     The medical evidence Plaintiff provided also included multiple narrative reports and responses to peer reviews from Dr. Olarewaju Oladipo.

21.     Dr. Olarewaju Oladipo has continuously and adamantly concluded Plaintiff is unable to work, even in a sedentary job, because Plaintiff cannot sustain sedentary exertion throughout a full-time work schedule.

22.     Dr. Oladipo specifically stated in an August 17, 2020 narrative report,

> With respect to her overall condition, I believe this patient has attained maximum medical improvement, and is at a medical end result. . . The clinical diagnoses established in this patient are major contributory causes of this patient's ongoing disability and the need for treatment. . . With respect to non-surgical treatment of the established diagnoses that constitute her medical condition, this patient has attained a state of maximum medical improvement. . . The following restrictions should include those that require her to sit, stand, or for prolonged period - in excess of two hours, and those that require repetitive use - in excess of two hours, of the right upper extremity.

23.     The medical evidence also included a report from The Prudential Insurance Company of America's medical reviewing physician, which stated this medical reviewing physician agreed with Dr. Oladipo in the fact that if Plaintiff were to perform her previous normal work activities would cause her further functional impairment. These sentiments are confirmed within The Prudential Insurance Company of America's December 10, 2020 denial letter when it stated,

> The medical reviewer is in agreement with most of the restrictions and limitations recommended by Dr. Oladipo dated August 23, 2020.

Performance of these activities will exacerbate [Plaintiff's] symptoms and cause further functional impairment.

24.     The Prudential Insurance Company of America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. The Prudential Insurance Company of America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. The Prudential Insurance Company of America relied on the opinion of a medical professional who was financially biased by her relationship with The Prudential Insurance Company of America and as such unable to offer an unbiased opinion;

   c. The Prudential Insurance Company of America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

   d. The Prudential Insurance Company of America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. The Prudential Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. The Prudential Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

25.     The Prudential Insurance Company of America abused its discretion in denying Plaintiff's claim.

26.     The decision to deny benefits was wrong under the terms of the Plan.

27.     In the alternative, the decision to deny benefits was not supported by substantial evidence in the record.

28.     The Prudential Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

29.     The Prudential Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from March 30, 2020 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

30.     The Prudential Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue

this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

31.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Prudential Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

8

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.


Dated:                                        RESPECTFULLY SUBMITTED,

                                              By: /s/ Blake Bauer

                                              Blake Bauer (MN Bar # 0396262)
                                              Zachary Schmoll (MN Bar # 0396093)
                                              **FIELDS LAW FIRM**
                                              9999 Wayzata Blvd
                                              Minnetonka, MN 55305
                                              Office: 612-370-1511
                                              Blake@Fieldslaw.com
                                              Zach@Fieldslaw.com

                                              *Attorneys for Plaintiff*